# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | MAGISTRATE'S NO. 20-MJ-990-01 |
| JOSE M. SUAREZ-MENDOSA | : | |

## GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

The defendant was a resident of 2911 Teesdale Street, Philadelphia, Pennsylvania, which was the site of a major heroin packaging and bagging operation from February 2020 through June 11, 2020; this premises and three others were searched pursuant to federal search warrants on June 11, 2020, leading to the seizure of extensive evidence of a large scale heroin bagging and distribution operation and the arrest of six males.. At 2911 Teesdale Street, law enforcement encountered Jose Manuel Suarez-Mendosa and Jerston David Diaz. Both individuals were detained after being called down from the second floor. Mendosa was wearing a pair of red shorts that law enforcement observed him in on numerous occasions. In the basement of the residence, law enforcement recovered a large black duffle bag with a significant amount of drug packaging paraphernalia including coffee grinders, scales, stamps, glassine baggies, scotch tape, strainers and related items. Law enforcement also recovered approximately 5,442 packets of suspected heroin. These packets of suspected heroin were packaged identical to the packaged heroin recovered by DEA Atlantic City. The heroin in Atlantic City and the heroin in 2911 Teesdale Street had the identical stamp of "Dusse."

Based on known individual heroin bag weight, law enforcement estimates the packaged heroin had a bulk weight of approximately 163 grams. In addition, law enforcement recovered

approximately 25 grams of suspected bulk heroin. The suspected heroin has been submitted to the Philadelphia Police Crime Lab for further analysis.

Suarez-Mendosa has been charged with possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). The defendant was arrested after he and Diaz were found inside the Teesdale Street bagging house, which was the third of four different location to be used as a "table" in a large scale heroin packaging and bagging operation that had been ongoing and actively packaging heroin from February 2020 to June 11, 2020. The search led to the seizure of packaged and raw heroin in the process of being bagged up for delivery to an Atlantic City, New Jersey group of heroin street sellers, and others. As the defendant was a regular worker in this large scale heroin distribution operation, and is now charged with a felony heroin trafficking charge, he is clearly a danger to the community. The defendant is facing the potential for a mandatory minimum sentence of 5 years imprisonment, and faces an estimated Guidelines range of 151-188 months' imprisonment. Given these penalties, and the strong likelihood of conviction, the defendant is also a serious flight risk. Given the charges against the defendant, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance, and/or the safety of the community. 18 U.S.C. § 3142(e), (f). The defendant cannot rebut this presumption and should be detained pending trial. The government moves pursuant to 18 U.S.C. §§ 3142(e) and (f) for a detention hearing and pretrial detention of the defendant.

    I.    THE FACTS

In support of this motion, the government makes the following representations and proposed findings of fact:

Probable Cause And The Evidence In This Case

1. There is probable cause to believe that the defendant has violated Title 21, United States Code, Section 841(a)(1), (b)(1)(A), as charged in the Complaint and Warrant. Because the maximum sentence in this case is over ten years' incarceration, there is a rebuttable presumption that the defendant is a danger to the community and a flight risk, pursuant to 18 U.S.C. § 3142(e).

2. Based on physical and electronic surveillance, Title III cell phone intercepts and physical evidence gathered by the FBI, working in conjunction with DEA Atlantic City Division Office, it is confirmed that the defendant was engaged in the cutting and bagging up of more than 1 kilogram of heroin for street distribution and sale, and that he had been so engaged for a period of weeks and months, during which the members of this heroin distribution operation led by co-defendant Juan Caceres, acquired multiple kilograms of heroin and used locations at 2911 Teesdale Street, in Philadelphia and 1217 Saint Vincent Street in Philadelphia, as cutting and bagging houses where the coconspirators worked around the clock on a 24 hour basis for days on end to break down, cut and package kilogram quantities of heroin for street sale and distribution. As a result of the execution of search warrants on June 11, 2020, federal agents seized nearly 3 kilograms of heroin, both packaged and in bulk form from three separate locations, including 2911 Teesdale Street and 1217 Saint Vincent Street, associated with members of the heroin distribution operation. Extensive heroin trafficking and packaging paraphernalia was also seized

3. The evidence in this case is strong. The defendant's complicity in the charged crime is convincingly established by the combination of electronic and physical surveillance evidence gathered by FBI agents and task force officers, and DEA agents, as well as the seizure of nearly 3 kilograms of heroin, both packaged and in bulk form from three locations

associated with the traffickers: 2911 Teesdale Street and 1217 Saint Vincent Street in Philadelphia and 6212 Brookview Place in Elkins Park.  Codefendant Juan Caceres resided at 6212 Brookview Place where over 1 kilogram of heroin was found in bulk form.  In addition agents and officers seized a Glock 42 .380 caliber pistol from the front master bedroom of 1217 Saint Vincent Street, the personal residence of co-defendant Juan F. Regalado-Ferreras.  The gun was fully loaded. Large quantities of heroin packaging and trafficking materials were seized from the two heroin bagging locations at 2911 Teesdale Street and 1217 Saint Vincent Street. At the time of execution of the search warrants, four of the defendants including Regalado-Ferreras were engaged in cutting and bagging heroin in the basement of the Saint Vincent Street residence and appear to have fled the basement after observing approaching officers and agents on surveillance cameras. A large quantity of packaged heroin was found doused with water on the table in the basement. Agents estimated that there were 30,000 to 38,000 packets of heroin seized from the basement based on the combined weight of the packaged heroin. Agents estimated that there was approximately 1.4 kilograms of packaged heroin found in the basement of the Saint Vincent Street premises. At 2911 Teesdale Street, law enforcement encountered Jose Manuel Suarez-Mendosa and Jerston David Diaz. In the basement of the residence, law enforcement recovered a large black duffle bag with a significant amount of drug packaging paraphernalia including coffee grinders, scales, stamps, glassine baggies, scotch tape, strainers and related items. Law enforcement also recovered approximately 5,442 packets of suspected heroin. These packets of suspected heroin were packaged identically to the packaged heroin recovered by DEA Atlantic City. The heroin in Atlantic City and the heroin in 2911 Teesdale Street had the identical stamp of "Dusse." Law enforcement estimates the packaged heroin had a bulk weight

of approximately 163 grams. In addition, law enforcement recovered approximately 25 grams of suspected bulk heroin.

### Maximum Penalties

4. The defendant will face a maximum sentence of 40 years' imprisonment and a mandatory minimum sentence of 5 years' imprisonment. A conservative estimate of his applicable guidelines range is 151 to 188 months' imprisonment.

### Criminal Record

5. The defendant has no known criminal record.

### Prior History of Failures to Appear

6. N/A.

### Citizenship/Family and Community Ties

7, The defendant is a citizen of the Dominican Republic, but upon conviction of the charged offense conduct will be subject to deportation. The defendant is unmarried and he was residing at 2911 Teesdale Street in Philadelphia while simultaneously allowing the basement of his residence to be used as a "table" for a large scale heroin cutting and bagging operation that packaged heroin around the clock for days on end in order to sell and distribute the heroin to street level distribution operations, including to a group that obtained heroin on a weekly basis for distribution and sale in Atlantic City, New Jersey. Suarez-Mendosa's employment status is unknown.

## CONCLUSION

When all these factors are viewed in light of the substantial sentence defendant faces if convicted, it is clear that no condition or combination of conditions will reasonably assure the presence of the defendant as required and/or the safety of the community.

WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

Respectfully submitted,

WILLIAM M. MCSWAIN
United States Attorney


s/ JOSEPH T. LABRUM III
JOSEPH T. LABRUM III
Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | MAGISTRATE'S NO. 20-MJ-990-01 |
| **JOSE M. SUAREZ-MENDOSA** | : | |

## PRETRIAL DETENTION ORDER

AND NOW, this      day of                  , 2020, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

A. the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

B. the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

1. This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because the maximum sentence defendant faces is ten years or more. There is probable cause to believe that the defendant has violated Title 21, United States Code, Section 841(a)(1), (b)(1)(A), as charged in the Complaint and Warrant.

2. Because the maximum sentence in this case is over ten years' incarceration, there is a rebuttable presumption that the defendant is a danger to the community and a flight risk, pursuant to 18 U.S.C. § 3142(e).

,3. The evidence in this case is strong. The defendant's complicity in the charged crime is convincingly established by the combination of electronic and physical surveillance evidence gathered by FBI agents and task force officers, and DEA agents, as well as the seizure of nearly 3 kilograms of heroin, both packaged and in bulk form from three locations associated with the traffickers: 2911 Teesdale Street and 1217 Saint Vincent Street in Philadelphia and 6212 Brookview Place in Elkins Park. Co-defendant Juan Caceres resided at 6212 Brookview Place where over 1 kilogram of heroin was found in bulk form. In addition, agents and officers seized a Glock 42 .380 caliber pistol from the front master bedroom of 1217 Saint Vincent Street, the personal residence of co-defendant Juan F. Regalado-Ferreras. The gun was fully loaded. Large quantities of heroin packaging and trafficking materials were seized from the two heroin bagging locations at 2911 Teesdale Street and 1217 Saint Vincent Street. At the time of execution of the search warrants, four of the defendants including Caceres and Regalado-Ferreras were engaged in cutting and bagging heroin in the basement of the Saint Vincent Street residence and appear to have fled the basement after observing approaching officers and agents on surveillance cameras. A large quantity of packaged heroin was found doused with water on the table in the basement. Agents estimated that there were 30,000 to 38,000 packets of heroin seized from the basement based on the combined weight of the packaged heroin. Agents estimated that there was approximately 1.4 kilograms of packaged heroin found in the basement of the Saint Vincent Street premises. In the basement of the 2911 Teesdale Street bagging house, law enforcement recovered a large black duffle bag with a significant amount of drug packaging paraphernalia including coffee grinders, scales, stamps, glassine baggies, scotch tape, strainers and related items. Law enforcement also recovered approximately 5,442 packets of suspected heroin. These packets of suspected heroin were packaged identically to the packaged heroin recovered by DEA

Atlantic City. The heroin in Atlantic City and the heroin in 2911 Teesdale Street had the identical stamp of "Dusse."

4. The defendant will face a maximum sentence of 40 years' imprisonment and a mandatory minimum sentence of 5 years' imprisonment. A conservative estimate of his applicable guidelines range is 151 to 188 months' imprisonment.

5. The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

6. As there is probable cause to believe that the defendant committed an offense punishable by 10 or more years in jail under the Controlled Substances Act, the Court must presume--subject to rebuttal by the defendant--that no condition of release, or combination of conditions, will reasonably assure the safety of any person and the community or reasonably assure the appearance of the defendant as required. The defendant has failed to rebut this presumption.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a

United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HON. MARILYN HEFFLEY
United States Magistrate Judge

CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed Order was served by electronic filing on the following defense counsel:

Maria Pedraza, Esquire

 s/ JOSEPH T. LABRUM III
JOSEPH T. LABRUM III
Date: June 19, 2020        ASSISTANT U. S. ATTORNEY