IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | MAGISTRATE'S NO. 20-MJ-990-01 |
| JOSE M. SUAREZ-MENDOSA | : | |

**PRETRIAL DETENTION ORDER**

AND NOW, this 23rd day of June, 2020, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

A. the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

B. the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

1. This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because the maximum sentence defendant faces is ten years or more. There is probable cause to believe that the defendant has violated Title 21, United States Code, Section 841(a)(1), (b)(1)(A), as charged in the Complaint and Warrant.

2. Because the maximum sentence in this case is over ten years' incarceration, there is a rebuttable presumption that the defendant is a danger to the community and a flight risk, pursuant to 18 U.S.C. § 3142(e).

,3.     The evidence in this case is strong.  The defendant's complicity in the charged crime is convincingly established by the combination of electronic and physical surveillance evidence gathered by FBI agents and task force officers, and DEA agents, as well as the seizure of nearly 3 kilograms of heroin, both packaged and in bulk form from three locations associated with the traffickers: 2911 Teesdale Street and 1217 Saint Vincent Street in Philadelphia and 6212 Brookview Place in Elkins Park.  Co-defendant Juan Caceres resided at 6212 Brookview Place where over 1 kilogram of heroin was found in bulk form.  In addition, agents and officers seized a Glock 42 .380 caliber pistol from the front master bedroom of 1217 Saint Vincent Street, the personal residence of co-defendant Juan F. Regalado-Ferreras.  The gun was fully loaded. Large quantities of heroin packaging and trafficking materials were seized from the two heroin bagging locations at 2911 Teesdale Street and 1217 Saint Vincent Street. At the time of execution of the search warrants, four of the defendants including Caceres and Regalado-Ferreras were engaged in cutting and bagging heroin in the basement of the Saint Vincent Street residence and appear to have fled the basement after observing approaching officers and agents on surveillance cameras. A large quantity of packaged heroin was found doused with water on the table in the basement. Agents estimated that there were 30,000 to 38,000 packets of heroin seized from the basement based on the combined weight of the packaged heroin. Agents estimated that there was approximately 1.4 kilograms of packaged heroin found in the basement of the Saint Vincent Street premises. In the basement of the 2911 Teesdale Street bagging house, law enforcement recovered a large black duffle bag with a significant amount of drug packaging paraphernalia including coffee grinders, scales, stamps, glassine baggies, scotch tape, strainers and related items. Law enforcement also recovered approximately 5,442 packets of suspected heroin. These packets of suspected heroin were packaged identically to the packaged heroin recovered by DEA

Atlantic City. The heroin in Atlantic City and the heroin in 2911 Teesdale Street had the identical stamp of "Dusse."

4. The defendant will face a maximum sentence of 40 years' imprisonment and a mandatory minimum sentence of 5 years' imprisonment. A conservative estimate of his applicable guidelines range is 151 to 188 months' imprisonment.

5. The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

6. As there is probable cause to believe that the defendant committed an offense punishable by 10 or more years in jail under the Controlled Substances Act, the Court must presume--subject to rebuttal by the defendant--that no condition of release, or combination of conditions, will reasonably assure the safety of any person and the community or reasonably assure the appearance of the defendant as required. The defendant has failed to rebut this presumption.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a

United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

s/Richard A. Lloret
_____
HON. RICHARD A. LLORET
United States Magistrate Judge